[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BACKGROUND
The instant case, Docket No. CV 96-382135-S, is one of three cases filed by a disaffected group of previously active Democrats in the Town of East Haven. The Democratic Party in East Haven appears to have been split into at least two factions. One faction is led by Democratic Mayor Luzzi and Democratic Town Chairman Andrew Verderame. The other faction is led by a challenger to the Mayor, Ben J. Mazzucco. In the instant case twenty members of the Mazzucco faction, who failed to obtain the Democratic Party nomination in the election of November 7, 1995, have brought suit pursuant to § 9-63 of the Connecticut General Statutes challenging their erasure from the party rolls CT Page 2735 by the East Haven Democratic Registrar of Voters. In substance, the plaintiffs claim that § 9-61 does not authorize the removal of the twenty members of the Mazzucco faction.
In a related case, Docket No. CV 96-0382136, also to be decided by this court, the same twenty members challenged the constitutionality of the removal statute. Finally, in an additional related case, CV 96-0382337, five members of the Mazzucco faction who were nominated by the Democratic Party and who ran in the November 7th election on the Democratic line, but who largely cooperated with the twenty who failed of nomination, challenge their erasure from the rolls pursuant to § 9-60 of the Connecticut General Statutes.
The plaintiffs were candidates under the "Better Government" party designation at the November 7, 1995 municipal election, running for the offices of mayor, town council, board of finance, and board of education, against the duly endorsed candidates of the Democratic Party.
At the request of Democratic Town Chairman Andrew Verderame, the defendant Registrar of Voters erased the names of the plaintiffs, relying on the provisions of § 9-61 of the Connecticut General Statutes. The plaintiffs have filed this petition pursuant to § 9-63 of the Connecticut General Statutes, seeking an order restoring their names to the Democratic list. The plaintiffs' essential claim in the instant case is that their names should not have been removed without a hearing.
The plaintiffs make constitutional challenges to the same factual pattern in Docket No. CV 96-0382136. The court will deal with constitutional challenges exclusively in that docket and in the instant case will deal only with the statute.
Section 9-61 of the Connecticut General Statutes provides in pertinent part:
 ". . . Being a candidate for office under the designation of another party or organization, within a period of two years prior to the date of the notice as provided in section 9-60
should be prima facie evidence that any elector committing any such act is not affiliated with, or in good faith a member of, CT Page 2736 and does not intend to support the principles or candidates of the party upon the enrollment list of which his name appears . . . . If the name of an elector appears on the ballot label at an election only under a party designation other than that of the party with which he is enrolled, whether such elector was nominated by a major or minor party or by nominating petition, such name shall be removed from the enrollment list for a period of two years from the date of such election after which time he may apply for enrollment in said party. The same procedure as to notice to appear thereon, return and hearing shall be followed as provided in section 9-60, except when the name of an elector appears on the ballot label at an election only under a party designation other than that of the party with which he is enrolled."
Connecticut General Statute § 9-60 provides for a hearing in most cases of erasure from party enrollment lists. However, the exception for a hearing requirement is stated as follows: "Except in the case where the name of any elector appears on the ballot label at the election only under a party designation other than that of the party with which he is enrolled . . .
In short, both § 9-60 and § 9-61 appear to make it clear that when a candidate runs on a ballot line of a party other than the party in which enrollment is being disputed, the hearing provided under § 9-62 is not required by statute. It further appeared that the court hearing authorized by § 9-63
is not available when the erasure is mandatory rather than discretionary.
The parties submitted to the court a stipulation of facts dated January 26, 1996.
That stipulation read in part as follows:
 "1. On November 7, 1995, a municipal election was held in the Town of East Haven for the election of municipal officials including mayor, town council, board of education, and board of finance. CT Page 2737
 2. On said date each of the plaintiffs was a registered member of the Democratic Party of the Town of East Haven.
 3. On said date, each of the plaintiffs was a candidate for election to one of the municipal offices listed in paragraph 1, and appeared on the ballot label for such offices at such election.
 4. Each of the plaintiffs appeared on said ballot label under the Better Government party designation, and only under said party designation.
 5. Each of the plaintiffs appeared on said ballot label as a result of being nominated by nominating petitions, filed with their consent, setting forth the Better Government party designation . . . .
 9. As a result of that request, by notices dated and served December 27, 1995, the defendant Cianelli notified each of the plaintiffs that his or her name had been erased from the enrollment list of the East Haven Democratic Party as a result of his or her appearance on November 7, 1995 ballot only under a party designation other than the Democratic Party, for a period of two years from said election."
In view of the facts stipulated to by the parties and found by the court, it appears abundantly clear that the twenty petitioners were subject to erasure or exclusion as a result of running on the Better Government line in the November 7, 1995 election. It further appeared that statutory scheme embodied in §§ 9-60 through 9-63 contemplates that such action is prima facie evidence supporting erasure and by the very terms of the statute denies the affected party member the right to a hearing. The court will address the constitutional implications of these sections in Docket No. CV 96-0382736, but absent any constitutional infirmities, the action of the East Haven Registrar of Voters appears to be in complete conformity with the CT Page 2738 precise mandate of the statute. Accordingly, the court refuses in this case to issue any order directing such registrar to restore the name of any of the petitioning electors to the list from which they were removed.